## No. IV.

### JESSE BENTON v. ELI WILLIAMS.

*Appeal from Harris County.*

JACK, JUSTICE.—Eli Williams sued Jesse Benton in the District Court of Harris County to recover damages for an assault and battery alleged to have been committed by Benton on Williams. The defendant filed two pleas by way of answer to the plaintiff's petition. First, justification; and secondly, that the defendant ought not to be held to answer the complaint of the plaintiff in this cause, because "Eli Williams is of African descent, and not entitled by law to maintain his action, except by

Cook v. Crawford, 1 T., 9; San Roman v. Watson, 54 T., 254; Baldridge v. Penland, 68 T., 441; Braidfoot v. Taylor, 1 App. C., sec. 175; Babbitt v. Finn, 101 U. S., 7; Weis v. Chipman, 3 T. C. A., 106. If the names are only recited in the body and not subscribed, the bond is void. Pevito v. Rodgers, 52 T., 581.

[2] Answers not responsive to interrogatories should be stricken out on objection. Rev. Stats. 1895, art. 2291. Lee v. Stowe, 57 T., 444; M. P. Ry. Co. v. Ivy, 71 T., 409; Parker v. Chancellor, 78 T., 524; Crosson v. Dwyer, 9 T. C. A., 482; Pioneer Savings and Loan Co. v. Peck, 20 T. C. A., 111.

his guardian or next friend." To this last plea the plaintiff demurred. The demurrer was sustained by the judge who tried the case below. The parties then went to trial on the other plea. There was a verdict and judgment for plaintiff, from which the defendant appealed. He now seeks to reverse the judgment of the district court on the ground of error in sustaining the plaintiff's demurrer to his plea.

This is the only question that we are required to decide. The case has been submitted to us without argument or brief, and we have been unable from the books in our reach to find any authority to sustain the principle of law as contended for in defendant's plea. The only grounds upon which we suppose the counsel for the defendant could have based an argument are to be found in the Constitution, in which is to be found the following: "The descendants of Africans shall not be permitted to remain permanently in the Republic without the consent of Congress;" nor are such persons entitled to the rights of citizenship. But we can not conclude that because they are not entitled to some particular privileges, they are, while actually residing in our country, out of the pale of the protection of the law, and that injuries and aggressions may be wantonly committed on their persons and property, and that when they ask for a redress of such grievances, they are to be told that the courts of justice are closed against their complaints. We can not, by sustaining the defendant's plea, establish a principle which we regard against law, contrary to the spirit of our institutions, and in violation of the dictates of common humanity. The judge below correctly sustained the demurrer to the defendant's plea. The judgment of the district court must be affirmed. We have declined giving an opinion on the appellee's motion to dismiss, because we thought the ends of justice would be as well obtained by a decision on the merits, which was also submitted.

*Affirmed.*